## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

ROBERT LEJA, Jr.,

v.

BROUSSEAU MANAGEMENT CO., L.L.C.; BROUSSEAU PROPERTIES, L.L..C; BROUSSEAU – GEORGETOWN, L.L.C.; BROUSSEAU – CHARLESTOWN, L.L.C.; MONET MANOR, L.L.C.; 669 MONET DRIVE, L.L.C.; 4484 FLOYNELL DRIVE, L.L.C.; 402 AND 406 SOUTH 21ST STREET, L.L.C.; 964 MAXIMILLIAN, L.L.C.; 31903 PAT'S LANE, L.L.C.; and BRIAN D. BROUSSEAU

**Case No. 3:19-cv-00269**

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1.      Robert Leja, Jr. brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2.      All Defendants are referred to jointly as "Brousseau Property Management."

3.      Brousseau Property Management failed to pay Leja overtime as required by federal law.

4.      Instead, Brousseau Property Management paid Leja the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

5.      This action seeks to recover the unpaid wages and other damages owed to Leja by Brousseau Property Management.

### JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Leja worked for Brousseau Property Management in this District.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this District.

**PARTIES**

9.    Leja was, at all relevant times, an employee of Brousseau Property Management.

10.    At all relevant times, Leja was an hourly employee of Brousseau Property Management.

11.    Leja's written consent is attached as Exhibit A.

12.    **Brousseau Management Co., L.L.C.** is a Louisiana limited liability company with its headquarters and principal place of business in East Baton Rouge Parish, Louisiana. It may be served by service upon its registered agent, **Brian D. Brousseau, 1014 Richland Ave., Baton Rouge, LA 70806,** or by any other method authorized by law.

13.    **Brousseau Properties, L.L.C.** is a Louisiana limited liability company with its headquarters and principal place of business in East Baton Rouge Parish, Louisiana. It may be served by service upon its registered agent, **Brian D. Brousseau, 1014 Richland Ave., Baton Rouge, LA 70806,** or by any other method authorized by law.

14.    **Brousseau – Georgetown, L.L.C.** is a Louisiana limited liability company with its headquarters and principal place of business in East Baton Rouge Parish, Louisiana. It may be served by service upon its registered agent, **Brian D. Brousseau, 1014 Richland Ave., Baton Rouge, LA 70806,** or by any other method authorized by law.

15.    **Brousseau – Charlestown, L.L.C.** is a Louisiana limited liability company with its headquarters and principal place of business in East Baton Rouge Parish, Louisiana. It may be served by service upon its registered agent, **Brian D. Brousseau, 1014 Richland Ave., Baton Rouge, LA 70806**, or by any other method authorized by law.

16.    **Monet Manor, L.L.C.** is a Louisiana limited liability company with its headquarters and principal place of business in East Baton Rouge Parish, Louisiana. It may be served by service upon its registered agent, **Brian D. Brousseau, 1014 Richland Ave., Baton Rouge, LA 70806**, or by any other method authorized by law.

17.    **669 Monet Drive, L.L.C.** is a Louisiana limited liability company with its headquarters and principal place of business in East Baton Rouge Parish, Louisiana. It may be served by service upon its registered agent, **Brian D. Brousseau, 1014 Richland Ave., Baton Rouge, LA 70806**, or by any other method authorized by law.

18.    **4484 Floynell Drive, L.L.C.** is a Louisiana limited liability company with its headquarters and principal place of business in East Baton Rouge Parish, Louisiana. It may be served by service upon its registered agent, **Brian D. Brousseau, 1014 Richland Ave., Baton Rouge, LA 70806**, or by any other method authorized by law.

19.    **402 and 406 South 21st Street, L.L.C.** is a Louisiana limited liability company with its headquarters and principal place of business in East Baton Rouge Parish, Louisiana. It may be served by service upon its registered agent, **Brian D. Brousseau, 1014 Richland Ave., Baton Rouge, LA 70806**, or by any other method authorized by law.

20.    **964 Maximillian, L.L.C.** is a Louisiana limited liability company with its headquarters and principal place of business in East Baton Rouge Parish, Louisiana. It may

be served by service upon its registered agent, **Brian D. Brousseau, 1014 Richland Ave., Baton Rouge, LA 70806**, or by any other method authorized by law.

21.    **31903 Pat's Lane, L.L.C.** is a Louisiana limited liability company with its headquarters and principal place of business in East Baton Rouge Parish, Louisiana. It may be served by service upon its registered agent, **Brian D. Brousseau, 1014 Richland Ave., Baton Rouge, LA 70806**, or by any other method authorized by law.

22.  **Brian D. Brousseau** is a natural person. He may be served by service upon her at **1014 Richland Ave., Baton Rouge, LA 70806**, or wherever he may be found.

23.  At all relevant times, Brian D. Brousseau was an owner of Brousseau Management Co., L.L.C.; Brousseau Properties, L.L.C.; Brousseau – Georgetown, L.L.C.; Brousseau – Charlestown, L.L.C.; Monet Manor, L.L.C.; 669 Monet Drive, L.L.C.; 4484 Floynell Drive, L.L.C.; 402 and 406 South 21st Street, L.L.C.; 964 Maximillian, L.L.C.; and 31903 Pat's Lane, L.L.C.

24.  At all relevant times, Brian D. Brousseau was a manager of Brousseau Management Co., L.L.C.; Brousseau Properties, L.L.C.; Brousseau – Georgetown, L.L.C.; Brousseau – Charlestown, L.L.C.; Monet Manor, L.L.C.; 669 Monet Drive, L.L.C.; 4484 Floynell Drive, L.L.C.; 402 and 406 South 21st Street, L.L.C.; 964 Maximillian, L.L.C.; and 31903 Pat's Lane, L.L.C.

25.  At all relevant times, Brian D. Brousseau was a member of Brousseau Management Co., L.L.C.; Brousseau Properties, L.L.C.; Brousseau – Georgetown, L.L.C.; Brousseau – Charlestown, L.L.C.; Monet Manor, L.L.C.; 669 Monet Drive, L.L.C.; 4484 Floynell Drive, L.L.C.; 402 and 406 South 21st Street, L.L.C.; 964 Maximillian, L.L.C.; and 31903 Pat's Lane, L.L.C.

26.  At all relevant times, Brian D. Brousseau exerted operational control over Brousseau Management Co., L.L.C.; Brousseau Properties, L.L.C.; Brousseau – Georgetown, L.L.C.; Brousseau – Charlestown, L.L.C.; Monet Manor, L.L.C.; 669 Monet Drive, L.L.C.; 4484 Floynell Drive, L.L.C.; 402 and 406 South 21st Street, L.L.C.; 964 Maximillian, L.L.C.; and 31903 Pat's Lane, L.L.C.

27.  Brousseau Management Co., L.L.C.; Brousseau Properties, L.L.C.; Brousseau – Georgetown, L.L.C.; Brousseau – Charlestown, L.L.C.; Monet Manor, L.L.C.; 669 Monet Drive, L.L.C.; 4484 Floynell Drive, L.L.C.; 402 and 406 South 21st Street, L.L.C.; 964 Maximillian, L.L.C.; 31903 Pat's Lane, L.L.C., and Brian D. Brousseau employed and/or jointly employed Leja.

28.  Brousseau Management Co., L.L.C.; Brousseau Properties, L.L.C.; Brousseau – Georgetown, L.L.C.; Brousseau – Charlestown, L.L.C.; Monet Manor, L.L.C.; 669 Monet Drive, L.L.C.; 4484 Floynell Drive, L.L.C.; 402 and 406 South 21st Street, L.L.C.; 964 Maximillian, L.L.C.; 31903 Pat's Lane, L.L.C.; and Brian D. Brousseau are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

## COVERAGE UNDER THE FLSA

29.   Brousseau Property Management was an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

30.   Brousseau Property Management was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

31.   During at least the last three years, Brousseau Property Management has had gross annual sales in excess of $500,000.

32.    Brousseau Property Management was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

33.    Brousseau Property Management employs many workers, including Leja, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

34.    The goods and materials handled, sold, or otherwise worked on by Leja and other Brousseau Property Management employees and that have been moved in interstate commerce include, but are not limited to, computers and electronic devices.

### FACTS

35.    Brousseau Property Management is a real estate property ownership and management company located in Baton Rouge, Louisiana.

36.    Leja began working for Brousseau Property Management in September 2015.

37.    Leja was employed as doing maintenance work.

38.    At all relevant times, Leja was an hourly employee of Brousseau Property Management.

39.    At all relevant times, Brousseau Property Management did not pay Leja a salary.

40.    At all relevant times, Brousseau Property Management did not pay Leja on a fee basis.

41.    At all relevant times, Brousseau Property Management paid Leja by the hour.

42.    At all relevant times, Brousseau Property Management paid Leja $17 or $20 per hour.

43.    Leja reported the hours he worked to Brousseau Property Management on a regular basis.

44.    Leja's hours are reflected in Brousseau Property Management's records.

45.    Brousseau Property Management paid Leja at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

46.    Leja normally worked more than 40 hours in a week.

47.    For example, for the two-week period ending July 28, 2018, Leja worked 52.75 hours.

48.    For that pay period, Brousseau Property Management paid Leja for 52.75 hours at his hourly rate of $20 an hour.

49.    And for the two-week pay period ending October 13, 2018, Leja worked 72.75 hours.

50.    So for that pay period, Brousseau Property Management paid Leja for 72.75 hours at his hourly rate of $20 an hour.

51.    Thus, rather than receiving time-and-a-half as required by the FLSA, Leja only received "straight-time" pay for overtime hours worked.

52.    This "straight-time-for-overtime" payment scheme violates the FLSA.

53.    Brousseau Property Management was well aware of the overtime requirements of the FLSA.

- 7 -

54.    Brousseau Property Management nonetheless failed to pay certain hourly employees, such as Leja, overtime.

55.    Brousseau Property Management's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### ARBITRATION AND NECESSITY OF SUIT
### REGARDING BROUSSEAU MANAGEMENT CO., L.L.C. AND BRIAN BROUSSEAU

56.    This isn't the first time Brousseau Property Management has been sued for overtime violations.

57.    Joyce Dunn filed suit against Brousseau Property Management for the same straight-time-for-overtime violation in January 2019. *Dunn v. Brousseau Prop. Mgmt. Co., L.L.C.*, No. 3:19-cv-00051-JWD-EWD (M.D. La.).

58.    Dunn's case was filed as a putative collective action on behalf of all similarly situated Brousseau Property Management employees—that is, those employees who were also paid straight-time-for-overtime.

59.    Leja was a member of that putative class.

60.    Nonetheless—without informing the Court or Dunn's counsel (that is, counsel for the putative class)—Brousseau Management Co., L.L.C. and Brian Brousseau solicited releases from employees of those two Defendants regarding claims against them for the same FLSA causes of action at issue while the case was pending.

61.    Upon information and belief, most or all of these employees, like Leja, were not represented by counsel.

62.    Brousseau Management Co., L.L.C. and Brian Brousseau knew these employees did not have attorneys.

63.    Brousseau Management Co., L.L.C. and Brian Brousseau knew these employees qualified as putative class members in Dunn's pending lawsuit.

64.    Neither Brousseau Management Co., L.L.C. nor Brian Brousseau told these employees and putative class members about Dunn's pending lawsuit.

65.    Neither Brousseau Management Co., L.L.C. nor Brian Brousseau fully informed these employees and putative class members about their rights under the FLSA.

66.    Neither Brousseau Management Co., L.L.C. nor Brian Brousseau fully informed these putative class members about their rights regarding other causes of action, injuries, or damages that were the subjects of the release.

67.    Brousseau Management Co., L.L.C. and Brian Brousseau did not have the releases supervised or approved by the Department of Labor or any court.

68.    In addition, Brousseau Management Co., L.L.C. and Brian Brousseau forced employees to sign arbitration agreements.

69.    None of the other Defendants—Brousseau Properties, L.L.C.; Brousseau – Georgetown, L.L.C.; Brousseau – Charlestown, L.L.C.; Monet Manor, L.L.C.; 669 Monet Drive, L.L.C.; 4484 Floynell Drive, L.L.C.; 402 and 406 South 21st Street, L.L.C.; 964 Maximillian, L.L.C.; or 31903 Pat's Lane, L.L.C.—were parties to the releases.

70.    None of the other Defendants—Brousseau Properties, L.L.C.; Brousseau – Georgetown, L.L.C.; Brousseau – Charlestown, L.L.C.; Monet Manor, L.L.C.; 669 Monet Drive, L.L.C.; 4484 Floynell Drive, L.L.C.; 402 and 406 South 21st Street, L.L.C.; 964 Maximillian, L.L.C.; or 31903 Pat's Lane, L.L.C.—were parties to the arbitration agreements.

71.    The arbitration agreement mandated arbitration before the Association of Professional Arbitrators & Mediators (APAM).

72.    Leja signed such an arbitration agreement.

73.    Leja initiated arbitration with APAM on April 16, 2019.

74.    The same date, Leja's counsel sent a copy of the arbitration demand to Brousseau Management Co., L.L.C. and Brian Brousseau's counsel.

75.    Even before that, Leja's counsel sent tolling requests to Brousseau Management Co., L.L.C. and Brian Brousseau's counsel on April 9, 12, and 15, without confirmation of the tolling agreement.

76.    On April 30, Brousseau Management Co., L.L.C. and Brian Brousseau's counsel agreed to tolling.

77.    One tolling agreement from April 30 was in writing.

78.    Brousseau Management Co., L.L.C. and Brian Brousseau's counsel then claimed to retract that agreement the next day.

79.    Brousseau Management Co., L.L.C. and Brian Brousseau will not agree to tolling, despite repeated request.

80.    None of Defendants will agree to tolling, despite repeated request.

81.    This lawsuit is therefore necessary to toll Leja's statute of limitations regarding claims against Brousseau Management Co., L.L.C. and Brian Brousseau. *E.g.*, *Fonseca v. USG Ins. Svcs., Inc.*, 467 Fed.Appx. 260, 261 (5th Cir. 2012); *Zarecor v. Morgan Keegan & Co., Inc.*, 801 F.3d 882, 889 (8th Cir. 2015).

82. Leja has already agreed to arbitrate his claims against Brousseau Management Co., L.L.C. and Brian Brousseau in favor of arbitration, consistent with the arbitration provision at issue and the circumstances of this dispute.

83. Leja has been forced to file this lawsuit—and to incur attorneys' fees and costs—because neither Brousseau Management Co., L.L.C., nor Brian Brousseau, nor any other Defendant, will consent to tolling.

## CAUSE OF ACTION–OVERTIME VIOLATIONS OF THE FLSA

84. Leja incorporates all other allegations.

85. By failing to pay Leja overtime at 1.5 times his regular rates, Brousseau Property Management violated the FLSA. 29 U.S.C. § 207(a).

86. Brousseau Property Management owes Leja the difference between the rate actually paid and the proper overtime rate.

87. Because Brousseau Property Management knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Brousseau Property Management owes these wages for at least the past three years.

88. Brousseau Property Management also owes Leja an amount equal to the unpaid overtime wages as liquidated damages.

89. Leja is entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## RELIEF SOUGHT

90. Leja prays for judgment against Brousseau Property Management as follows:

(a) For an order finding Brousseau Property Management liable for violations of wage laws;

(b)     For a judgment awarding Leja all unpaid wages, liquidated damages, and/or penalty damages;

(c)     For a judgment awarding Leja costs of this action;

(d)     For a judgment awarding Leja attorneys' fees;

(e)     For a judgment awarding Leja pre- and post-judgment interest at the highest rates allowed by law; and

(f)     For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**, T.A.
Louisiana Bar # 32855
**PARMET PC**
PO Box 540907
800 Sawyer St. (77007)
Houston, Texas 77254
phone  713 999 5228
fax      713 999 1187
matt@parmet.law

**Attorneys for Plaintiff**