UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT LEJA, JR. AND THOMAS DAVIS | CIVIL ACTION |
| VERSUS | |
| BROUSSEAU MANAGEMENT CO., L.L.C., ET AL. | NO.: 19-00269-BAJ-EWD |

<u>**RULING AND ORDER**</u>

Before the Court is the **Motion for Partial Dismissal to Compel Arbitration (Doc. 21)** filed by Defendants. Plaintiffs have filed an opposition (Doc. 24). For the reasons that follow, the **Motion (Doc. 21)** is **DENIED**.

## I. BACKGROUND

According to the allegations of the Second Amended Complaint, Leja signed an arbitration agreement mandating arbitration before the Association of Professional Arbitrators and Mediators (APAM). (Doc. 20 at 11). On April 9, 2019, Leja's counsel requested to toll the statute of limitations. *Id.* On April 12 and 15, Leja's counsel followed up with Defendants regarding tolling. *Id.* On April 16, Leja's counsel filed an arbitration demand and sent a copy of the demand to Defendants' counsel. *Id.* On April 30, Defendants' counsel agreed to a tolling agreement in writing. *Id.* On May 1, Defendants' counsel attempted to retract the tolling agreement. *Id.* That same day, Leja filed suit against Defendants. (Doc. 1). On May 2, APAM sent Leja's arbitration demand to Defendants' counsel. (Doc. 20 at 12). Pursuant to APAM rules, Defendants had until May 12 to file an answering statement. *Id.* As of July 22,

1

Defendants still had not filed an answering statement. *Id.* On July 22, Plaintiffs field their Second Amended Complaint. On July 26, Defendants filed their Motion for Partial Dismissal to Compel Arbitration. (Doc. 21). On September 23, Plaintiffs filed an opposition, in which they argue that Defendants waived their right to compel arbitration. (Doc. 24). Defendants never filed a reply.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liab. Litig*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In determining its jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015) (citation omitted).

## III. DISCUSSION

The Federal Arbitration Act ("FAA") requires courts to enforce arbitration agreements by issuing an order directing the parties to engage in arbitration and staying litigation in any case raising a dispute referable to arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).

The FAA provides:

> If any suit or proceeding be brought in any of the courts of
> the United States upon any issue referable to arbitration

2

> under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3 (2012).

When considering a motion to compel arbitration, the Court must determine first whether a valid arbitration agreement exists between the parties, and second, whether the dispute is within the scope of the arbitration agreement. *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009). Neither party disputes there is a valid agreement that provides for arbitration. Rather, Plaintiff argues that Defendants waived their right to compel arbitration.

"The right to arbitration, like any other contract right, can be waived." *Miller Brewing Co. v. Fort Worth Distributing Co., Inc.*, 781 F.2d 494, 497 (5th Cir. 1986). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Id.* "A party generally invokes the judicial process by initially pursuing litigation of claims then reversing course and attempting to arbitrate those claims." *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009). However, "waiver can also result from some overt act in Court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* (internal quotation marks omitted).

"[F]or purposes of a waiver of an arbitration agreement: prejudice refers to the inherent unfairness in terms of delay, expenses, or damage to a party's legal position

3

that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004) (internal quotation marks omitted). The United States Court of Appeals for the Fifth Circuit has recognized that engaging in pretrial discovery of arbitrable claims, incurring time and expense engaging in pretrial motion practice concerning arbitrable issues, and failing to timely assert the right to arbitration are factors to consider in determining whether a party seeking arbitration has caused prejudice to the opposing party. *Id.*

Although the Fifth Circuit has not expressly identified conduct that amounts to a waiver of the right to arbitrate, other circuits have offered guidance on this point. In *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1005 (9th Cir. 2005), the plaintiff filed a notice of intent to arbitrate a wrongful termination claim. The defendant refused to participate in the arbitration proceedings. *Id.* The plaintiff filed suit. (*Id.* at 1006). The United States Court of Appeals for the Ninth Circuit found that the defendant waived its right to arbitrate the plaintiff's claims because its refusal to arbitrate after being served with the plaintiff's notice of intent to arbitrate was an act inconsistent with that right. (*Id.* at 1012). The Ninth Circuit also stated that the plaintiff chose to arbitrate, not to litigate, and sued as a last resort when she was rebuffed by the defendant. (*Id.* at 1012–13). Thus, it concluded, the delay and costs the plaintiff incurred were prejudicial. (*Id.* at 1013).

Similarly, in *O.J. Distributing, Inc. v. Hornell Brewing Co.*, 340 F.3d 345 (6th Cir. 2003), the plaintiff entered a distribution agreement with the defendant, which

4

included a mandatory arbitration provision. The defendant informed the plaintiff that it would stop supplying it with its products. The plaintiff threatened legal action. Over the next year, the parties engaged in negotiations, during which time the defendant's representatives denied the agreement's existence. The plaintiff filed suit, and the defendant moved to compel arbitration. The United States Court of Appeals for the Sixth Circuit held that the defendant had waived its right to arbitrate due to its engaging in negotiations with the plaintiff for over a year while denying the existence of the agreement, and therefore the arbitration provision. (*Id.* at 357).

In *In Re Tyco Int'l Ltd. Sec. Litig.*, 422 F.3d 41, 42 (1st Cir. 2005), the plaintiff and the defendant signed an agreement requiring the parties to submit all disputes arising from or concerning the defendant's employment to binding arbitration. The plaintiff submitted a demand for arbitration against the defendant. *Id.* The defendant sent the plaintiff a letter stating that he did not agree to participate in the arbitration. (*Id.* at 45). The plaintiff sued the defendant. (*Id.* at 43). The defendant moved to dismiss, citing the binding arbitration clause in the agreement. *Id.* The United States Court of Appeals for the First Circuit held that the defendant had unequivocally waived his arbitration rights. (*Id.* at 44). The First Circuit also found that the plaintiff had suffered prejudice because it had submitted a doomed demand for arbitration, filed a complaint, and defended against two motions for compelled arbitration. (*Id.* at 46).

Lastly, in *Robinson v. Alston*, 596 F. App'x 871, 871 (11th Cir. 2015), the plaintiffs brought an action against the defendants. The Court granted a consent

5

motion to stay the proceedings pending arbitration. *Id.* Over the next several months, the defendants ignored correspondence from the plaintiffs seeking to initiate the arbitration proceedings, forcing the plaintiffs to move to reopen the case. (*Id.* at 872). The defendants moved to compel arbitration. *Id.* The United States Court of Appeals for the Eleventh Circuit held that the defendants waived their arbitration right by acting inconsistently with their desire to arbitrate the case. (*Id.* at 873). The defendants contended that they did not affirmatively invoke litigation machinery, but rather that their only action was inaction. *Id.* The Eleventh Circuit dispelled the defendants' argument, noting that by ignoring the plaintiffs' requests to initiate the arbitration hearing, the defendants forced the plaintiffs to participate in the district court proceedings, thus raising their litigation costs. *Id.*

In the case before the Court, Leja's counsel filed an arbitration demand on April 16. (Doc. 20 at 11). On April 30, Defendants' counsel agreed to a tolling agreement in writing. *Id.* On May 1, Defendants' counsel attempted to retract the tolling agreement. *Id.* That same day, Leja filed suit against Defendants. (Doc. 1). On May 2, APAM sent Leja's arbitration demand to Defendants' counsel. (Doc. 20 at 12). As of July 22, Defendants still had not filed an answering statement. *Id.* On July 26, Defendants filed their Motion for Partial Dismissal to Compel Arbitration. (Doc. 21). In their Motion, Defendants do not contest or deny the allegations of the Second Amended Complaint, on which Plaintiffs' waiver argument is based, and also do not contend that they have filed an answering statement to Leja's arbitration demand. On September 23, Plaintiffs filed an opposition, in which they argue that

Defendants waived their right to compel arbitration. (Doc. 24). Defendants never filed a reply.

In determining its jurisdiction on a motion under Rule 12(b)(1), the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Carroll*, 788 F.3d at 504. Given that Defendants have not disputed the alleged facts on which Plaintiffs' waiver argument is based, and pursuant to *Brown*, *O.J. Distributing, Inc.*, *Tyco*, and *Robinson*, the Court concludes that Defendants waived their right to arbitrate by ignoring correspondence seeking to initiate the arbitration proceedings. Defendants' inaction evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration. *See NCM Int'l, Inc. v. Cozzoli Mach. Co.*, 2007 WL 9761624, at *5 (D.P.R. Sept. 13, 2007) ("In sum, the Court agrees with the Magistrate Judge's conclusions that Defendant's inaction caused precisely the type of undue delay that rises to the level of waiver of arbitral rights [and] that Defendant's silence was tantamount to rejecting plaintiff's demand for arbitration.") (internal quotation marks omitted)).

The Court also finds that Defendants' inaction caused Plaintiffs prejudice. Leja submitted a domed demand for arbitration, sued as a last resort to toll the statute of limitations, and incurred time and expense defending against Defendants' Motion for Partial Dismissal to Compel Arbitration.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Partial Dismissal to Compel Arbitration (Doc. 21)** is **DENIED**.

Baton Rouge, Louisiana, this 10th day of March, 2020.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**