UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ROBERT LEJA, JR. AND THOMAS DAVIS | CIVIL ACTION |
|---|---|
| VERSUS | |
| BROUSSEAU MANAGEMENT CO., L.L.C., ET AL. | NO.: 19-00269-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion to Certify Class (Doc. 10)** filed by Plaintiffs. Defendants did not respond to the motion; accordingly, the Court considers the motion to be unopposed. For the reasons that follow, the **Motion (Doc. 10)** is **GRANTED**.

## I. BACKGROUND

According to the allegations of the Complaint, Plaintiffs Robert Leja, Jr. and Thomas Davis were employees of Defendants, who paid them by the hour. (Doc. 20 at 7). Plaintiffs each normally worked more than 40 hours a week. (*Id.* at 8). However, Defendants paid them at the same hourly rate for all hours worked, including those in excess of a 40-hour workweek. *Id.* Thus, Plaintiffs only received "straight-time" pay for most of the overtime hours they worked, in violation of the Fair Labor Standards Act (FLSA). *Id.* Plaintiffs also allege that Defendants violated the FLSA by not paying them for all overtime hours. (*Id.* at 8-9). Specifically, Plaintiffs allege that they were generally not paid for at least one hour they worked

1

each day. (*Id.* at 9). Plaintiffs allege that Defendants paid other hourly workers according to the "straight time for overtime" policy. (*Id.* at 13).

## II. LEGAL STANDARD

The FLSA sets forth requirements for minimum wage, overtime pay, and record keeping for certain employees who are not exempt because they hold executive, administrative, or professional positions. 29 U.S.C. §§ 206(a)(1), 207(a)(1), 213(a)(1). An employee may sue his employer for violating the overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." *Diaz v. USA Prof'l Labor, LLC*, 2019 WL 5725062, at *1 (E.D. La. Nov. 5, 2019). To participate in a collective action, each employee must give his consent in writing by notifying the court of his intent to opt in. 29 U.S.C. § 216(b).

Before disseminating notice to potential plaintiffs, a court must determine that the named plaintiffs and the members of the potential collective class are "similarly situated." *Rodriguez v. Alsalam, Inc.*, 2017 WL 699820, at *2 (E.D. La. Feb. 22, 2017). The FLSA does not define "similarly situated" or explain how a collective action should be certified. *Lewis v. All About You Home Healthcare Inc.*, 2020 WL 1061782, at *1 (W.D. La. Mar. 4, 2020). District courts within this circuit, however, generally use the two-stage class certification procedure originally articulated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and described in detail by the United States Court of Appeals for the Fifth Circuit in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). *Id.* In their motion, Plaintiffs look to the *Lusardi* standard, and as noted above, Defendants offer no opposition. Accordingly, this Court will apply

2

the *Lusardi* approach in determining whether this case is appropriate for collective action treatment.

The *Lusardi* approach comprises two stages. (*Mooney*, 54 F.3d at 1213). First, during the "notice stage," the court conducts an initial inquiry of "whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." (*Id.* at 1213-14). Courts usually base this decision only on "the pleadings and any affidavits which have been submitted." (*Id.* at 1214). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* "[C]ourts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id.*

If the court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. *Id.* The case then proceeds through discovery as a representative action. *Id.* A second step takes place later on, when and if the defendant files a motion for decertification, after more extensive discovery has taken place. *Id.*

### III. DISCUSSION

The Complaint alleges that Plaintiffs each normally worked more than 40 hours a week. (Doc. 20 at 8). However, Defendants paid them at the same hourly rate for all hours worked, including those in excess of a 40-hour workweek. *Id.* Thus, Plaintiffs only received "straight-time" pay for most of the overtime hours they

3

worked. *Id.* The Complaint also alleges that Plaintiffs were generally not paid for at least one hour they worked each day. (*Id.* at 9). The Complaint alleges that Defendants paid other hourly workers according to the "straight time for overtime" policy. (*Id.* at 13).

Attached to the Motion to Certify Class are sworn declarations by Plaintiffs and by Corey Albert, in which they state that Defendants paid them at the same hourly rate for all hours they worked and were paid for, even if those hours were more than 40 in a workweek. The declarants also state that Defendants did not pay them for several hours they worked each week, that most or all other employees were paid the same way they were, with straight-time-for-overtime and reduced hours, and that their co-workers and former employees would participate in the lawsuit if notified of it. (Docs. 10-2; 10-3; 10-4).

Considering the lenient standard that district courts apply at the notice stage of the proceedings, the Court finds that the Complaint and the declarations set forth "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." (*Mooney*, 54 F.3d at 1213). This case does not appear to arise from circumstances purely personal to Plaintiffs; rather, it appears that Defendants' alleged policy would affect most or all employees working during the relevant period. Accordingly, the Court finds that this class should be conditionally certified.

Plaintiffs have submitted proposed Notice and Consent Forms (Doc. 10-5). Defendants have made no objection to the proposed Notice and Consent Forms. The

4

Court has reviewed these documents, and both appear to be appropriate. Therefore, these documents are approved. Plaintiffs also seek an Order from this Court requiring Defendants to provide the names, last-known addresses, email addresses, telephone numbers, and dates of employment of the putative class members within 10 days after entry of this order. "'[T]he production of addresses and e-mail addresses is common practice,' as is the production of phone numbers." *Diaz v. USA Prof'l Labor, LLC*, 2019 WL 5725062, at *3 (E.D. La. Nov. 5, 2019) (quoting *Escobar v. Ramelli Grp., LLC*, 2017 WL 3024741, at *3 (E.D. La. July 17, 2017)).

Accordingly, Defendants shall provide the information that Plaintiffs' counsel seeks, which will enable counsel for the class to send the Notice and Consent Forms to potential class members. The Court also approves the request by Plaintiffs' counsel to contact potential class members electronically and by telephone, including by text message. The Court approves the proposed e-mail notice and the proposed telephone scripts offered by Plaintiffs (Doc 10-5).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Certify Class (Doc. 10) is GRANTED**.

**IT IS FURTHER ORDERED** that a collective action pursuant to the FLSA is conditionally certified to include the following persons: All hourly employees of Defendants who were not paid at least 1.5 times their hourly rate for time worked in excess of 40 hours in a workweek, at any time from May 10, 2016 to the present.

**IT IS FURTHER ORDERED** that the Notice and Consent Forms are approved and shall be disseminated by first class U.S. mail, e-mail, and text message to putative class members in accordance and consistent with this Order.

**IT IS FURTHER ORDERED** that no later than ten (10) days after entry of this Order, Defendants shall provide to Plaintiffs' counsel in Excel (.xlsx) format the following information regarding all putative class members: full name; last known addresses with city, state, and Zip code; last known email addresses (non-company address if applicable); last known telephone numbers; beginning dates of employment; and ending dates of employment (if applicable).

**IT IS FURTHER ORDERED** that no later than twenty (20) days after entry of this Order, Plaintiffs' counsel shall send a copy of the Court-approved Notice and Consent Form to the putative class members by first class U.S. mail, email, and text message. Defendants shall post the Notice and Consent Forms on all jobsites for 60 days in an open and obvious location. Plaintiffs' counsel may follow-up the mailed Notice and Consent Forms with contact by telephone of former employees or those putative class members whose mailed or emailed contact information is not valid.

**IT IS FURTHER ORDERED** that no later than sixty (60) days after mailing of the Notice and Consent Forms to potential class members, the putative class members shall return their signed Consent Forms to Plaintiffs' counsel for filing with the Court. Defendants may remove the posted Notice and Consent Forms.

**IT IS FURTHER ORDERED** that thirty (30) days after mailing of the Notice and Consent Forms to potential class members, Plaintiffs' counsel is authorized to

mail, email, and text a second, identical copy of the Notice and Consent Form to the putative class members reminding them of the deadline for the submission of the Consent Forms.

Baton Rouge, Louisiana, this 19th day of March, 2020.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**